Curia, per

Butler,, J.
The note upon which this action was brought, was given entirely for usurious interest, and both by the Act of 1177 and 1831,(a) was absolutely void, as well in the hands of an innocent holder, as between the original parties to it. Like every other naked contract without consideration, it created no legal obligation. In this point of view, the defence of usury was properly allowed to be given in evidence, under the general issue. But it is contended that the principal witness to prove the usury, was not competent, as he was the husband of the party intended to be bound by the contract. It is true, that at common law, the wife and husband cannot be allowed to testify for each other, on an issue in which they are directly interested. Neither can a party be a witness in his own cause. By the terms of the statute of 1777, the common law is so far altered as to permit a party to a usurious contract to be a witness for himself. The great object of the statute was to reach the usury, by getting rid of all common law disabilities of the witness to the contract. It was said, however, that by the terras of the statute, this privilege must be limited to the party really in interest, and for whose benefit the money was borrowed, and that as the money was borrowed upon the note of E. Le' Roy, the wife, and for her use, she alone could be the witness. This is a technical exception, and if allowed to prevail, would go far to defeat the object of the statute. This might be obviated by the law which requires the husband to be joined for conformity sake, in all actions brought on the contracts of a feme sole *trader. Their identity by a fiction is presupposed ; and the fictions of law may sometimes be resorted to, to preserve'its symmetry and justice. Why, then in mere legal contemplation, should the husband not be regarded as a party to this contract ? He is a party to the record, for conformity, and let the same fictitious conformity extend to the contract, and all objections would be removed. But I do not wish to rest the judgment of the Court on such a ground. The provisions of the statute must not be evaded by a technical construction of it, inconsistent with the clearly expressed purpose and obvious meaning of the Legislature.
The plenitude of the remedy ought not to be impaired, but maintained, by the Courts. The usurer is entitled to no sympathy or protection, in his efforts to gratify his own cupidity, by making victims of the weak and necessitous. E. Le Roy was not present when her husband, under a power which he may have abused, gave this note, and if the right to testify was restricted to her alone, this would be the result, that the party who may have been ignorant of the contract, in its inception, would be the witness contemplated by the statute, whilst the party who really *150 made it, and was cognizant of all the facts, would be excluded. Such cannot be the operation of a statute which it has been said could not be evaded by the wit of man. Crafty contrivance is less to be tolerated than an open attempt to violate law. The second section of the Act of 1771, (4 Stat. at Large, 364,) recites, by way of preamble, that as transactions against the Act “will be generally carried on only when the borrower and lender are present together,” be it enacted, Ac., “that the borrower or party to such usurious bond, specialty, contract or promise, Ac., shall be, and is hereby declared to be, good and sufficient witness in law, to give evidence of such offence against the Act, Ac.” Now, what party was here meant, but the party that was present, as stated in the recital ? The party that, in fact, borrowed the money and made the contract. The object of the Act was to make a witness of the person that was engaged in, and consequently acquainted with, the transaction. Although E. Le Roy was a party to the note, N. Le Roy was the actual borrower, and present when the contract was made. Had he been an indifferent agent, he would have been a good witness, without the statute, for he would not have been interested. The aim *°f the statute was to make witnesses of all the parties interested in the case, who could give such information as would expose and detect the usury. We think the evidence of N. Le Roy was properly received on the trial below. Motion refused.
Gantt, O’Neall, Evans and Earle, JJ., concurred.

 4 Stat. 364; 6 Stat. 409. An.